91 A.3d 1231

**In re Nomination Petition of Michael W. BEYER, Candidate for The Democratic Nomination for the Office of Representative in the General Assembly for the 131st Legislative District.**

**Appeal of David Eisenhauer and Linda Eisenhauer.**

Supreme Court of Pennsylvania.

Submitted April 24, 2014.

Decided May 5, 2014.

## ORDER

PER CURIAM.

**AND NOW,** this 5th day of May, 2014, the Order of the Commonwealth Court is **REVERSED.** The Commonwealth

Court erred in construing Candidate's knowing and material misrepresentation of "occupation" on his nomination petition as neither a defect nor, assuming *arguendo* it were a defect, one knowingly made and material to the nomination process. Pursuant to Section 977 of the Election Code, 25 P.S. § 2937, if the court finds that a nomination petition is defective pursuant to Section 976 of the Election Code, 25, P.S. § 2936, the petition must be set aside. *In re Nomination Petition of Driscoll*, 577 Pa. 501, 847 A.2d 44, 49 (2004). This Court has held, however, that defects arising from good faith mistakes may be amendable such that they do not require striking the candidate's name from the ballot. *In re Nomination of Paulmier*, 594 Pa. 433, 937 A.2d 364 (2007). In listing his present occupation as "lawyer" when he was a law school graduate who had neither taken nor passed the bar and who was not presently engaged in working with the law in any way, Candidate's knowing and material misrepresentation cannot be characterized as the product of a good faith mistake. Electors were materially misled by the defect to the effect of potentially defeating their right to nominate on fair information.

It is further **ORDERED** that Michael W. Beyer's name is to be **STRICKEN** from the primary ballot for the Democratic Party nomination for the Office of Representative in the General Assembly for the 131st Legislative District.

Opinion(s) to follow.

Justice SAYLOR Concurs in the Result and Justice BAER files a Dissenting Statement.

Justice BAER, dissenting.

I respectfully dissent from the Court's order striking Michael W. Beyer's name from the primary ballot for the Democratic Party nomination for the Office of Representative in the General Assembly for the 131st Legislative District. While I find it reasonable for this Court to pronounce prospectively that a candidate may only designate his occupation as "lawyer" or "attorney" on a nomination petition and a statement of

financial interest when he or she is an attorney on active status, who has passed the bar exam and is in good standing, neither a majority of this Court nor the Commonwealth Court has ever made such a declaration. Absent such directive, and in view of the fact that the Commonwealth Court made a specific factual finding that Beyer had no intent to deceive the electorate by listing his occupation as "lawyer," but rather believed that he was a lawyer because he had studied law and graduated from law school, I dissent from the Court's conclusion that Beyer made a knowing and material misrepresentation warranting the striking of his name from the ballot.