[J-48-2014] [MO: Saylor J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| IN RE: NOMINATION PETITION OF ROBERT GUZZARDI FOR THE REPUBLICAN NOMINATION FOR GOVERNOR OF PENNSYLVANIA IN THE REPUBLICAN PRIMARY OF MAY 20, 2014 | : No. 29 MAP 2014<br>:<br>: Appeal from the order of the<br>: Commonwealth Court at No. 158 MD 2014<br>: dated April 15, 2014.<br>:<br>:<br>: |
| APPEAL OF:  RICHARD W. STEWART, ROBERT K. ROBINSON, RICHARD TEMS AND DONNA M. COSMELLO | :<br>:<br>: SUBMITTED:  April 21, 2014 |

## CONCURRING OPINION

**MR. CHIEF JUSTICE CASTILLE**       **DECIDED:   May 1, 2014**
                                     **OPINION FILED:   August 18, 2014**

I join the Majority Opinion, which accurately sets forth the proper approach to late filings of statements of financial interests and fact-intensive equitable exceptions to clear statutory language.   That equitable approaches are unwieldy and can lead to inconsistent results is borne out by the circumstances of this case.   I do not believe that placement on the ballot should depend upon credibility determinations of a court – acting in the compressed time-frame in which all election cases are prosecuted – weighing non-textual "exceptions" to clear statutory mandates.   I thus agree that Robert Guzzardi's untimely filing with the Ethics Commission was fatal to his candidacy.

I also write to note that, in my view, Guzzardi's nomination petition was deficient for an additional reason.  For the reasons set forth in my Dissenting Statement in In re Rankin, 874 A.2d 1145, 1145-48 (Pa. 2005), I would also hold that, when Guzzardi identified himself as a "semi-retired businessman and lawyer" on his nomination petition,

he misrepresented his occupation and misled the electors who signed his petition. In proceedings before the Commonwealth Court, Guzzardi testified that he is a "lawyer on inactive status" who has not "practiced in a number of years, three or four at least." N.T., 4/3/14, at 177. As all Pennsylvania lawyers know, there is no "semi-retired lawyer" status for members of the Pennsylvania Bar; attorneys are either active or inactive. At least one grammatically correct reading of the notation "semi-retired businessman and lawyer" indicates that Guzzardi is practicing law on a part-time basis; another fair reading would be that he was semi-retired from business, but still a lawyer. Either reading by an elector would reveal that the elector had been misled by the candidate, who was inactive and not licensed to practice law, on either a full-time or "semi-retired" basis.

In Rankin, a candidate for the office of Magisterial District Justice was on inactive status as an attorney for a number of years before she filed her nomination petition, which listed her current occupation as "attorney/publisher." The trial court held that, as a result, electors who signed Rankin's nomination petition were "falsely led to believe that [she] was a practicing attorney." 874 A.2d at 1146 (Castille, J., dissenting). On appeal, a single judge of the Commonwealth Court reversed in an unpublished memorandum opinion, allowing the candidate to remain on the election ballot. This Court declined to exercise discretionary review over that decision, leaving the legal question open for determination another day.

That day has come in an appeal before us as a matter of right; and I stand by my view in Rankin, although the facts are slightly different here. In my Rankin dissent, I explained why I agreed with the trial court's holding that the candidate's nomination petition should have been set aside, as follows:

> Words are a lawyer's standard in trade, and lawyers should be held to their meaning. A former occupation is not a current occupation. A conditional or equivocal status is not an unequivocal one. And even

formerly admitted attorneys are expected to know how to comport themselves – at least when it comes to representation of their status as lawyers. What respondent viewed as an "explanation" of her conduct at the hearing below, properly understood, was a confession. During the hearing, respondent testified as follows[:] "I tell everybody that I practiced law until four years ago, and then I began publishing the newspaper." But, that is not what her nominating petitions demonstrate. Respondent did not have personal contact with every elector who signed her petitions to inform them, contrary to what the petition said, that she was actually a "formerly admitted attorney." Instead, she created a false impression that she was a practicing attorney. How was the electorate to know that respondent was not admitted to practice in Pennsylvania, and furthermore, was in apparent violation of disciplinary and ethical rules for holding herself out as such?

874 A.2d at 1148 (citations omitted).

In this case, Guzzardi used the qualifying term "semi-retired" when identifying his occupation, without making clear whether semi-retired applied to his being a business person or both a business person and a lawyer. Even if the qualification is read as applying to both professions, there is no reason to expect that the electors who signed his petition understood the meaning of this ambiguous term, which has no relevant meaning in terms of an actual status within the Pennsylvania Bar. The fact that a candidate for Governor is a lawyer obviously would be a material consideration for electors. Guzzardi's description of his occupation was misleading and improper, and thus serves as an independent, additional ground to order that Guzzardi's nomination petition be set aside.

Mr. Justice Stevens joins this concurring opinion.