**[J-51-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| IN RE: NOMINATION PETITION OF | : No. 35 MAP 2014 |
| MICHAEL W. BEYER, CANDIDATE FOR | : |
| THE DEMOCRATIC NOMINATION FOR | : Appeal from the order of the |
| THE OFFICE OF REPRESENTATIVE IN | : Commonwealth Court at No. 150 MD |
| THE GENERAL ASSEMBLY FOR THE | : 2014, dated April 17, 2014. |
| 131ST LEGISLATIVE DISTRICT | : |
| | : |
| | : |
| | : |
| APPEAL OF: DAVID EISENHAUER AND | : |
| LINDA EISENHAUER | : SUBMITTED: April 24, 2014 |

**DISSENTING OPINION**

**MR. JUSTICE BAER**                    **DECIDED: May 5, 2014**
                                                    **OPINION FILED: April 28, 2015**

I respectfully dissent for the reasons set forth in my dissenting statement to the *per curiam* order striking Michael W. Beyer from the primary ballot for the Democratic Party nomination for the Office of Representative in the General Assembly for the 131st Legislative District. In re Nomination of Michael Beyer, 91 A.3d 1231 (Pa. 2014).

To reiterate, I find it reasonable for this Court to rule prospectively that a candidate may only designate his occupation or profession as "lawyer" on nomination papers after he or she has graduated from law school, passed the bar exam, and is in good standing as an active member of the Pennsylvania Bar. However, at the time Candidate Beyer filed his nomination papers, neither a majority of this Court nor the Commonwealth Court had ever made such an express declaration. Notably, the opinions the majority finds persuasive in support of its determination that Candidate Beyer intentionally made a material misrepresentation are concurring opinions of Former Chief Justice Castille in In re Rankin, 874 A.2d 1145 (Pa. 2005), and In re

<u>Nomination Petition of Guzzardi</u>, 99 A.3d 381 (Pa. 2014). These cases, however, involved election matters where the candidate was not removed from the ballot based on any misrepresentation of the candidate's occupation. Thus, in my view, they cannot serve as affording candidates clear notice of what constitutes the occupation of "lawyer" for purposes of the Election Code.

In the instant case, the Commonwealth Court made a specific factual finding that Candidate Beyer had no intent to deceive the electorate by listing his occupation as "lawyer," but rather believed that he was a lawyer because he had studied law and graduated from law school. The Commonwealth Court further relied upon Candidate Beyer's candor in a newspaper interview, where he acknowledged readily that he was a recent law school graduate who had not yet taken the bar exam. Absent intent to deceive the electorate or a violation of a clear legal directive prohibiting him from representing his occupation as a "lawyer" upon graduation from law school, I cannot join the majority's holding that Candidate Beyer committed a knowing and material misrepresentation warranting the striking of his name from the ballot.